

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

November 14, 1990

Honorable Bill M. Reimer
District Attorney
Comal County, Texas
150 N. Seguin, Suite 307
New Braunfels, Texas 78130

Opinion No. JM-1246

Re: Authority of a district judge to appoint a district attorney pro tem under article 2.07 of the Code of Criminal Procedure where there is an assistant district attorney in place (RQ-2141)

Dear Mr. Reimer:

You have requested our opinion regarding the authority of a district judge to appoint a district attorney "pro tem," pursuant to article 2.07 of the Code of Criminal Procedure. The statute provides:

> (a) Whenever an attorney for the state is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable to perform the duties of his office, or in any instance where there is no attorney for the state, the judge of the court in which he represents the state may appoint any competent attorney to perform the duties of the office during the absence or disqualification of the attorney for the state.

> (b) Except as otherwise provided by this subsection, if the appointed attorney is also an attorney for the state, the duties of the appointed office are additional duties of his present office, and he is not entitled to additional compensation. Nothing herein shall prevent a commissioners court of a county from contracting with another commissioners court to pay expenses and reimburse compensation paid by a county to an attorney for the state who is appointed to perform additional duties.

> (b-1) An attorney for the state who is not disqualified to act may request the court to

> permit him to recuse himself in a case for good cause and upon approval by the court is disqualified.
>
> (c) If the appointed attorney is not an attorney for the state, he is qualified to perform the duties of the office for the period of absence or disqualification of the attorney for the state on filing an oath with the clerk of the court. He shall receive compensation in the same amount and manner as an attorney appointed to represent an indigent person.
>
> (d) In this article, "attorney for the state" means a county attorney, a district attorney, or a criminal district attorney.

You indicate that the elected district attorney "has been called to active duty because of the Middle East situation."

You first ask whether the term "attorney for the state" as defined in section (d) includes an assistant district attorney. By its very terms, the statute does not apply to anyone except "a county attorney, a district attorney, or a criminal district attorney." In Attorney General Opinion MW-80 (1979), this office declared:

> We do not believe an assistant district attorney is an attorney for the state within the meaning of section 2.07. Other statutes distinguish between the district attorney and his assistants. The district attorney is an elected official. . . . The assistant district attorney is appointed by and subject to removal by the district attorney. . . . The definition of "attorney for the state" applies to all of article 2.07 of the Code of Criminal Procedure. If "attorney for the state" included assistants, then article 2.07 would permit the court to appoint an assistant district attorney pro tem. The Court of Criminal Appeals has, however, stated that the predecessor of article 2.07 did not authorize the judge to appoint an assistant district attorney. Locklin v. State, 75 S.W. 305 (Tex. Crim. App. 1903). Construing article 2.07 to authorize the appointment of an assistant district attorney would also bring it into

> conflict with article 332a, V.T.C.S., which
> permits the prosecuting attorney to choose his
> own assistants.

We agree with this analysis. In our opinion, "attorney for the state" as used in section (d) does not include an assistant district attorney.

You next ask whether article 2.07 precludes a judge from making an appointment thereunder if "an assistant district attorney is in place." Since, as we have indicated, an assistant district attorney is not an "attorney for the state" within the meaning of the statute, a district judge is permitted by the terms of section (a) to make the requisite appointment in the situation you pose. The elected district attorney's absence from the country necessarily means that that official "is absent from the county or district." The presence of an assistant district attorney makes no difference for purposes of article 2.07.

You also ask about the appointive power of a district judge under article 2.07 as it relates to the Governor's authority to appoint a district attorney. Article 4, section 12, of the Texas Constitution grants to the Governor the power to fill a _vacancy_ in the office of district attorney. Article 2.07 does not address the situation of a vacancy. It refers only to those instances in which a district attorney is temporarily unable to perform the duties of his office. Were it to be construed otherwise, article 2.07 would clearly be an unconstitutional usurpation of the Governor's authority to fill vacancies under article 4, section 12.

## S U M M A R Y

A district judge is authorized to appoint a district attorney pro tem pursuant to article 2.07 of the Code of Criminal Procedure, even though there is an assistant district attorney in place.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General